UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ANTONIO GUTIERREZ-PANIAGUA,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>　　　　　　　　　　Respondents. | Case No.:  26-cv-2512-GPC-JLB<br><br>**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 21]** |

Before the Court is Petitioner Donald Antonio Gutierrez-Paniagua ("Petitioner")'s second amended petition for a writ of habeas corpus. ECF No. 21. For the reasons outlined below, the Court GRANTS the petition and ORDERS Petitioner's immediate release.

//

//

//

1

# BACKGROUND

## I.      Initial Habeas Proceedings

This is Petitioner's second time seeking habeas relief before this Court. Petitioner has been in immigration detention since May 2025. ECF No. 21, at 2. In November 2025, Petitioner filed a habeas petition arguing only that he was being wrongly detained without a bond hearing under 8 U.S.C. § 1225(b), when his detention should be governed by § 1226(a). *See Gutierrez-Paniagua v. Noem et al*, Case No. 3:25-cv-03250- GPC-AHG, Dkt. No. 1. The petition included no information about any previous arrests or release. The Court found that § 1226(a) governed Petitioner's detention and ordered Respondents to provide Petitioner with a bond hearing. *See Gutierrez-Paniagua v. Noem et al*, Case No. 3:25-cv-03250- GPC-AHG, Dkt. No. 7, at 14. Per *Rodriguez Diaz v. Garland*, at a § 1226 bond hearing the noncitizen bears the burden of showing that he is not a flight risk or danger to the community by a preponderance of the evidence. 52 F. 4th 1189, 1197 (9th Cir. 2022).

Respondents provided Petitioner with a bond hearing on December 19, 2025. ECF No. 23-1, at 2. At the hearing, the Immigration Judge ("IJ") denied bond based on a finding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). *Id.*

## II.      Additional Facts Now Before the Court

In April 2026, Petitioner filed a new petition for a writ of habeas corpus in this Court. ECF No. 1. This Court subsequently appointed the Federal Defenders to represent Petitioner. ECF No. 16. The Federal Defenders have now filed a second amended petition for a writ of habeas corpus on Petitioner's behalf. ECF No. 21.

Both the Federal Defenders and Respondents have presented the Court with new information regarding Petitioner's immigration background that was not addressed in Petitioner's initial habeas proceedings. In July 2022, Petitioner came to the United States to seek asylum. ECF No. 1, at 3. Upon entry, Petitioner was immediately detained by Respondents. *Id.* Respondents released Petitioner four days later, and Petitioner went to live with his brother, a United States citizen, in Florida. *Id.*

26-cv-02512-GPC-JLB

In May 2025, Petitioner was arrested for burglary, illegal use of credit cards, and petit theft. ECF No. 23, at 2. The day after Petitioner's arrest, he was taken into immigration custody directly from the jail. *Id.*; ECF No. 23-1, at 6. Before being taken into immigration custody, Petitioner did not receive any written notification of revocation of his parole, nor was he provided with a hearing. ECF No. 21, at 6. Petitioner was not formally charged with the crimes for which he was arrested. ECF No. 24, at 3-4.

These underlying facts—wherein Petitioner has been (1) previously detained by Respondents, (2) released by Respondents, (3) arrested but not charged for or convicted of theft and burglary, and (4) re-detained by Respondents without a hearing—raise several distinct legal issues, none of which were presented to the Court by either Petitioner or Respondents during Petitioner's previous habeas proceedings in 2025.

### III.    Procedural Posture

On December 12, 2025, this Court ordered Respondents to provide Petitioner with a § 1226 hearing, which Respondents provided on December 19, 2025. ECF No. 23-1, at 2. At the hearing, the IJ found that Petitioner was ineligible for bond on the grounds that he is in mandatory detention under § 1226(c). ECF No. 23-1, at 2.

On January 6, 2026, Petitioner's asylum case was denied, and he was ordered removed. ECF No. 21, at 3. Petitioner has appealed both his denial of asylum relief and his bond denial to the Board of Immigration Appeals ("BIA"). ECF No. 23, at 2. Those appeals remain pending. *Id.* Thus, there is no administratively final order of removal at this time. ECF No. 23, at 2.

Petitioner now seeks relief on grounds that were not presented to the Court in 2025. Namely, Petitioner argues that Respondents violated the Administrative Procedures Act and Petitioner's due process rights by improperly revoking Petitioner's parole without notice or a hearing. ECF No. 21, at 4-8. Petitioner also argues that Petitioner's prolonged detention—now over one year—violates the due process clause of the Fifth Amendment. *Id.* at 8-14. Petitioner seeks immediate release from custody. *Id.* at 15.

26-cv-02512-GPC-JLB

Respondents oppose on the grounds that (1) Petitioner is lawfully detained under 8 U.S.C. 1226(c) and (2) Petitioner must first exhaust his administrative remedies before bringing his claims before this Court. ECF No. 23, at 2-6.

**DISCUSSION**

## I. Exhaustion

Habeas claims are generally accompanied by a prudential exhaustion requirement. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) ("The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims"). A district court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

When a petitioner does not exhaust prudentially required administrative remedies, the district court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id.* (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, a court may waive the prudential exhaustion requirement if: (1) "administrative remedies are inadequate or not efficacious"; (2) "pursuit of administrative remedies would be a futile gesture"; (3) "irreparable injury will result"; or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

### A. The *Puga* Factors Do Not Require Prudential Exhaustion

Under these circumstances, it does not appear that the *Puga* factors weigh in favor of requiring prudential exhaustion.

Agency expertise is not necessary to generate a proper record and reach a proper decision on the questions now before the Court. The only question before the BIA that is

relevant to the current petition is whether the IJ properly denied bond by finding that Petitioner is subject to mandatory detention under § 1226(c). Thus, "an administrative appellate record is not necessary to resolve the purely legal question[] presented by [Petitioner's] challenge to" the IJ's conclusion that Petitioner is detained under § 1226(c). *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017); *see also Tiboko-Tifuh v. Noem et al.*, No. 26-CV-1215-JO-DEB, 2026 WL 1603795, at *3 (S.D. Cal. June 4, 2026) ("[T]he Court is doubtful that agency expertise is necessary to resolve Petitioner's challenge to the bond determination[.]").

Next, it does not appear that relaxation of the requirement in this circumstance would encourage deliberate bypass of the administrative scheme in the future. Petitioner's situation is unique. In his first habeas petition, neither Petitioner's counsel nor Respondents addressed Petitioner's prior detention and release, nor did Petitioner's counsel raise essential and potentially dispositive due process arguments regarding Petitioner's revocation of parole. Petitioner was then denied bond at a hearing that likely would not have occurred had Petitioner's counsel appropriately argued Petitioner's case. The bond was subsequently denied on grounds not argued by Respondents before this Court, who insisted that Petitioner was subject to detention under § 1225(b), not § 1226(c). Petitioner now seeks to remedy an alleged constitutional violation that occurred in May 2025 but has not yet been properly raised before this Court. Thus, Petitioner's unique situation will not encourage deliberate bypass of the administrative scheme by future petitioners.

Lastly, it is not clear that administrative review will allow the agency to correct its own mistakes and preclude the need for judicial review. Indeed, the narrow question before the BIA on appeal is whether the IJ properly denied bond by finding Petitioner subject to mandatory detention under § 1226(c). However, the issues highlighted by the petition before this Court point to a larger concern: that the bond hearing itself was the result of erroneous legal arguments from both Petitioner's previous counsel and Respondents, which led this Court to order a § 1226(a) bond hearing when an entirely different remedy was likely appropriate due to the constitutional violations at play. This broader question is

not currently before the BIA, and the BIA review of the IJ's bond determination will not correct the larger legal errors that have clouded Petitioner's detention and habeas proceedings over the past thirteen months.

Accordingly, the *Puga* factors do not counsel that prudential exhaustion is required. Petitioner is not required to exhaust his appeal to the BIA before presenting his arguments to this Court.

**II.    Petitioner Is Not Subject to Mandatory Detention Under § 1226(c)**

Respondents further argue that Petitioner is lawfully detained under § 1226(c)(1)(E). ECF No. 23, at 2-3. As discussed below, looming due process violations undermine the legality of Petitioner's current immigration detention under any statute. Even so, the Court will briefly address Respondents' § 1226(c) argument.

Section 1226(c)(1)(E)—also known as the Laken Riley Act—requires detention of an inadmissible noncitizen who is "charged with, [or] is arrested for . . . burglary [or] theft[.]" 8 U.S.C. § 1226(c)(1)(E). Respondents note that Petitioner was taken into immigration custody after being arrested for burglary, illegal use of credit cards, and petit theft. ECF No. 23, at 2. Thus, because Petitioner was arrested for burglary and theft—crimes outlined in § 1226(c)(1)(E)—Respondents argue that Petitioner is now lawfully subject to mandatory detention. ECF No. 23, at 2-3.

Petitioner counters that the charges against Petitioner were never formally filed. ECF No. 24, at 4-5. In support, Petitioner provides the Case Information from the incident which describes each charge against Petitioner as "No Action," which means that the State Attorney's Office declined to prosecute the case. ECF No. 24, at 4 (citing ECF No. 24-1, at 2; *Domestic Assistance Response Team Brochure*, Miami-Dade State Attorney's Office at https://miamisao.com/wp-content/uploads/2020/10/dart-brochure.pdf (defining the term no-action)). Because Petitioner was not formally charged with burglary or theft, Petitioner argues that § 1226(c)(1)(E) does not require his mandatory detention.

The Court agrees with Petitioner. "[T]o alleviate due process concerns where a non-citizen's detention is based on an arrest or charges that were dismissed 'courts have

26-cv-02512-GPC-JLB

construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed.'" *Makhlouf v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03455 (VC), 2026 WL 1431056, at *2 (E.D. Cal. May 21, 2026) (quoting *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026)); *see also Mendoza v. Mullin et al.*, No. 26-CV-2825 JLS (AHG), 2026 WL 1507832, at *2 (S.D. Cal. May 29, 2026); *Gopal B. v. Albarran*, No. 1:26-CV-01083-TLN-CKD, 2026 WL 504736, at *3 (E.D. Cal. Feb. 24, 2026); *Flores Martines v. Mattos*, No. 2:26-CV-00606-ART-MDC, 2026 WL 1362529, at *6 (D. Nev. May 15, 2026); *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025).

While Respondents provide a DHS report from the day after Petitioner's arrest to show that Petitioner was arrested for the identified crimes, ECF No. 23-1, at 7, Respondents offer no information as to whether the charges were pursued or dropped. From the record, it appears as though the Petitioner was not formally charged with burglary or theft. Thus, Petitioner is not subject to mandatory detention under § 1226(c). *See Mendoza*, 2026 WL 1507832, at *2.

### III. Petitioner's Detention Violates Due Process

Petitioner argues that his re-detention without notice or a chance to be heard violated his Fifth Amendment due process rights. ECF No. 21, at 4-8.

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process rights apply to noncitizens, including those whose presence in the United States is unlawful. *Id.* at 693.

As applied to cases like Petitioner's: "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released

26-cv-02512-GPC-JLB

from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). *See also Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). In fact, the government's initial release of an individual from custody "creates an 'implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). An initial release from ICE custody further reflects "a determination by the government that [an individual is] neither a flight risk nor a danger to the community." *Pinchi*, 792 F. Supp. 3d at 1034; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, *7 (N.D. Cal. Sept. 12, 2025). Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Salcedo Aceros* 2025 WL 2637503, at *1 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

Here, because Petitioner was detained and then released from ICE custody in 2022, he maintained a protected liberty interest in remaining out of custody. The Court must next determine "what process is due." *Morrissey*, 408 U.S. at 481.

"The constitution typically 'requires some kind of a hearing before the State deprives a person or liberty or property.'" *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted sub nom. G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash. Oct. 28, 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original)). To determine what procedures are required by due process, the Court evaluates the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *See Ortiz Donnis*, 2025 WL 2879514, at *12. Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the

26-cv-02512-GPC-JLB

probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." 424 U.S. at 335.

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty. Thus, this factor favors Petitioner. *See Salcedo*, 2025 WL 2637503, *12; *Ortiz Donis*, 2025 WL 2879514, at *12; *Pinchi*, 792 F. Supp. 3d at 1034-35.

Turning to the second *Mathews* factor, "it is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [him] with a pre-detention hearing." *Pinchi*, 792 F. Supp. 3d at 1035. Where, as here, petitioner has not received any hearing, "'the risk for erroneous deprivation [of liberty] is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Id.* (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1046 (E.D. Cal. 2025)). Further, courts have noted that "civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community." *G.S.*, 2025 WL 3014274, at *8. By releasing Petitioner in 2022, immigration officers determined that he was neither a flight risk nor a danger to his community. *See id.*; *Ortiz Donis*, 2025 WL 2879514, at *1; *Pinchi*, 792 F. Supp. 3d at 1034. Accordingly, this factor also favors Petitioner.

Respondents do not argue that Petitioner's May 2025 arrest for theft and burglary constitutes a sufficient change in circumstance to justify Petitioner's re-detention without notice or a hearing. Any such argument would be unsuccessful. *See Vargas Monsalve v. Chestnut*, No. 1:26-CV-00626-DAD-CKD, 2026 WL 242066, at *2 (E.D. Cal. Jan. 29, 2026) ("[R]espondents provide no legal authority in support of the proposition that petitioner's DUI arrest justifies re-detaining him without prior notice or a pre-detention hearing. . . . Accordingly, the court . . . concludes that petitioner's detention violates due process."); *Elias C.M. v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-02043-TLN-EFB, 2026 WL 127612, at *3 (E.D. Cal. Jan. 16, 2026) (finding that the petitioner

who was released on parole and then re-detained without prior notice or a hearing because he was arrested for misdemeanor spousal battery had a protected liberty interest and that the arrest did not alter the *Mathews* analysis); *Rodriguez Cruz v. Warden of the Golden State Annex*, No. 1:26-CV-00348 DAD SCR, 2026 WL 453561, at *2 (E.D. Cal. Feb. 18, 2026), *report and recommendation adopted*, No. 1:26-CV-00348-DAD-SCR, 2026 WL 564588 (E.D. Cal. Feb. 27, 2026) (finding re-detention violated due process where petitioner was arrested for a DUI but it was "undisputed [petitioner] was not convicted" and "undisputed that petitioner did not receive prior notice or a hearing before his re-detention."). Thus, Petitioner's arrest does not alter the *Mathews* analysis when considering whether Petitioner's re-detention without notice or a hearing violated Petitioner's protected liberty interest.

Finally, the Government "has failed to show any countervailing interest against providing a pre-detention hearing." *G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. Indeed, "in immigration court, custody hearings are routine and impose a minimal cost." *Singh*, 2025 WL 1918679, at *8 (internal quotation marks and citation omitted). There is also no concern that a hearing will delay or obstruct Respondents efforts to remove Petitioner, as Petitioner has already been placed in full removal proceedings and ordered removed—an order Petitioner has appealed. ECF No. 23, at 2; ECF No. 23-1, at 9-12. *See also G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. In sum, the Government's interest in detaining Petitioner without a hearing is low. *Singh*, 2025 WL 1918679, at *8.

Each of the *Mathews* factors favors Petitioner. Thus, Petitioner was entitled to a pre-deprivation hearing before a neutral decisionmaker where the government bore the burden of demonstrating by clear and convincing that re-detention was necessary to prevent danger to the community or flight. *Pinchi*, 792 F. Supp. 3d at 1038; *see also Ortiz Donis*, 2025 WL 2879514, at *15. Respondents provided Petitioner with no such hearing. Thus, the Court concludes that Petitioner's detention violates his due process rights. *Perez v. Noem*, No. 3:25-CV-03777-CAB-JLB, 2026 WL 102643, at *2 (S.D. Cal. Jan. 14, 2026)

26-cv-02512-GPC-JLB

("Petitioner's sudden re-detention without notice, an individualized determination, or an opportunity to be heard violates the Due Process Clause.").

In light of such a violation, Petitioner's release from custody is appropriate. *See*, *e.g.*, *Quiroz v. Larose*, No. 26-CV-866 JLS (DEB), 2026 WL 673822, at *3 (S.D. Cal. Mar. 10, 2026); *Aliyev v. LaRose*, No. 3:26-CV-01119-CAB-JLB, 2026 WL 699818, at *3 (S.D. Cal. Mar. 12, 2026); *Devilmar v.LaRose*, No. 3:26-CV-01748-JES-MSB, 2026 WL 1042439, at *2 (S.D. Cal. Apr. 17, 2026); *Perez*, 2026 WL 102643, at *2.[1]

Respondents lament that Petitioner is seeking a "second bite of the habeas apple." ECF No. 23, at 2. However, Respondents provide no authority or argument as to why Petitioner should be prohibited from raising the constitutional arguments now before the Court. Further, Respondents' argument neglects to acknowledge Respondents' own role in the incomplete factual background provided to the Court during Petitioner's prior habeas proceedings. Thus, the Court gives this point little weight.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The Court GRANTS Petitioner's second amended petition for writ of habeas corpus, ECF No. 21.

- The Court ORDERS Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his May 28, 2025, detention, if any.

- Respondents SHALL NOT re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing

---

[1] Having reached this conclusion on Petitioner's parole-based due process claims, the Court declines to reach the merits of Petitioner's prolonged detention claims.

26-cv-02512-GPC-JLB

evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

- The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated:  June 17, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-cv-02512-GPC-JLB